UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT L. SWINTON, JR.,

                                       Plaintiff,

                                                                   **DECISION &ORDER**
        v.                                                             15-CV-47-A

JON SERDULA,
STEVEN PASCUZZI,
JAIME TORRES,
UNITED STATES OF AMERICA, and
CHRISTOPHER LAMP,

                                        Defendants.
_____

This case was referred to the Honorable Leslie G. Foschio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), after this Court 's issuance, on August 26, 2022, of a Decision and Order (ECF 80) regarding the individual defendants' motion to dismiss (ECF 36), Plaintiff Robert L. Swinton Jr.'s motions to amend his First Amended Complaint (ECF 47 & 49), and various other motions filed by the parties.

Among other things, the Court's Decision and Order granted Plaintiff's request to amend his First Amended Complaint specifically to reinstate his Federal Tort Claims Act (FTCA) claims under 28 U.S.C. § 1346(b) and to add the United States as a defendant. On September 23, 2022, Plaintiff filed a Second Amended Complaint (ECF 82) that included those changes, as well as others.

On October 7, 2023, Defendants filed another motion to dismiss. (ECF 83). After all briefing was submitted, Magistrate Judge Foschio, on February 14, 2023,

1

filed a combined Amended Report and Recommendation and D&O ("Amended R&R/D&O"). (ECF 93).[1] The Amended R&R/D&O recommends that Defendants' motion to dismiss (ECF 83) be granted in part and denied in part, and that Plaintiff's motion to amend and motion to stay proceedings (ECF 87) be dismissed as moot. Plaintiff filed objections (ECF 94) to the Amended R&R/D&O on February 23, 2023, and Defendants filed a response (ECF 96) in opposition on March 9, 2023.

Upon *de novo* review and pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Foschio's Amended R&R/D&O (ECF 93) and below, the Amended R&R/D&O is adopted in its entirety and the Defendants' motion to dismiss (ECF 83) is GRANTED in part and DENIED in part, and Plaintiff's motion to amend the complaint and to stay of proceedings (ECF 87) is DISMISSED.

## BACKGROUND

The Court presumes the parties' familiarity with the underlying facts and procedural history of the case.

Briefly stated, on October 19, 2012, Plaintiff was arrested, pursuant to a federal arrest warrant, in Monroe County, New York on gun and drug charges. *See*, *United States v. Swinton*, Docket # 6:15-CR-6055 (WDNY), ECF 9. Plaintiff, who was in the custody of the United States Marshals Service ("USMS"), was housed at the Monroe County Jail ("MCJ") from the date of his arrest through February 12,

---

[1] The Amended R&R and D&O (ECF 93) modified Magistrate Judge Foschio's prior February 7, 2023, R&R and D&O (ECF 92), by removing a recommendation to dismiss certain claims with prejudice.

2014. ECF 36-10. On February 12, 2014, Plaintiff was transferred to the Livingston County Jail ("LCJ") and remained there through October 8, 2015. *Id.*

In 2017, Plaintiff was convicted, following federal jury trial conducted in United States District Court for the Western District of New York, of controlled substance and firearms offenses. *See*, *United States v. Swinton*, Docket # 6:15-CR-6055 (WDNY), ECF 217.

During the pendency of his criminal case, Plaintiff, on January 16, 2015, commenced this action, pursuant to the FTCA and 42 U.S.C. § 1983, against the Judge handling his criminal case and the USMS. (ECF 1). Plaintiff's complaint essentially alleged that he was denied proper dental care while he was a pretrial detainee at the MCJ and LCJ from 2012 to 2015, and that he was denied access to a proper law library while at the LCJ. (ECF 1; ECF 17, p. 1).

After this Court directed that Plaintiff's complaint be dismissed without prejudice (ECF 3), Plaintiff filed an Amended Complaint. (ECF 4). Following this Court's subsequent dismissal of the Amended Complaint on the ground that Plaintiff had failed to allege the personal involvement of the "unknown" USMS supervisors that he sued (ECF 17), the Second Circuit reversed, remanded, and directed this Court to provide Plaintiff with assistance in identifying "John Doe" defendants. (ECF 21). That was accomplished and eventually DUSM Torres, DUSM Serdula, and USMS Operation Support Specialist Pascuzzi were among those individuals upon whom process was served. (ECF 28, 29).

In August of 2017, following the filing of a motion by Defendants seeking dismissal of the amended complaint and/or summary judgment, Plaintiff filed an

administrative tort claim under the FTCA with the USMS. (ECF 82, p.9).  The USMS denied that claim. *Id*.  In deciding defendants' motion to dismiss, this Court rendered a D&O which dismissed all *Bivens* claims against the individual defendants, DUSM Serdula, DUSM Torres, DUSM Dave, and Pascuzzi, but reinstated Plaintiff's purported FTCA claims finding there were issues of fact as to whether extraordinary circumstances would equitably toll the two-year statute of limitations with respect to Plaintiff's FTCA claims. (ECF 80).

On September 23, 2022, Plaintiff filed his Second Amended Complaint, naming as Defendants the United States, DUSM Serdula, DUSM Torres, Pascuzzi and Deputy U.S. Marshal Christopher Lamp ("DUSM Lamp"). (ECF 82).  As in his prior complaints, Plaintiff claims that he was denied dental treatment while in USMS custody at the MCJ and LCJ and denied access to a proper law library while at the LCJ. *Id*.  The complaint further alleges: that a conspiracy existed among the USMS and officials at the MCJ and LCJ intentionally to deny Plaintiff dental care (*id.*, at ¶¶ 3, 7, 8, and 22); that United States Magistrate Judge Payson was deliberately indifferent to Plaintiff's requests for assistance in obtaining dental care (*id.*, at ¶ 30); that the USMS "failed to intervene" and was "deliberately indifferent and neglectful" with respect to the MCJ's and LCJ's denial of dental treatment (*id.*, at ¶¶ 1-2); that LCJ attempted to stymie Plaintiff's attempts to file a civil action concerning his dental care (*id.*, at ¶ 29); that the USMS had a policy and custom of "deliberate indifference" to inmate dental needs through a conspiracy with the local jails (*id.*, at ¶ 5); that the LCJ did not provide Plaintiff with sufficient access to legal materials (*id.*, at ¶ 25); that the USMS knew of the inadequate legal facilities at the LCJ and was

4

deliberately indifferent to Plaintiff's need for access to legal materials (*id.*, at ¶ 27); that Magistrate Judge Payson was deliberately indifferent to Plaintiff's complaints about insufficient access to legal materials (*id.*, at ¶ 30); that the Steuben County Jail, where he was housed after the LCJ, blocked access to his legal mail and the USMS was aware of this practice (*id.*, at ¶ 23); that the USMS and court failed to intervene in these deprivations of access of court after being notified and that such inaction amounted to "a policy and [conspiracy] to prevent [Plaintiff's] U.S. Sixth Amendment right to proceed *Pro Se* in civil and criminal actions" (*id.*, at ¶ 35); that the USMS "failed to intervene" and was "deliberately indifferent and neglectful" with respect to the LCJ's denial of access to legal materials (*id.*, at ¶¶ 3-4); and that the USMS had a policy and custom of "deliberate indifference" to inmate need for access to legal materials through a conspiracy with the local jails which denied Plaintiff's Sixth Amendment right to self-representation, as well as his First and Fifth Amendment rights (*id.*, at ¶¶ 6-7).

Defendants thereafter filed a motion to dismiss the Second Amended complaint. (ECF 83).

**<u>The Amended R&R/D&O</u>:**

On February 14, 2023, Magistrate Judge Foschio filed an Amended R&R/D&O regarding Defendant's motion to dismiss the Second Amended Complaint. (ECF 93).

The Amended R&R/D&O recommended as follows: (i) that Plaintiff's constitutional tort claims should be dismissed as such claims are not cognizable under the FTCA (*id.*, at 8-9); (ii) the claims against the individual defendants should

5

be dismissed as only the United States may be sued under the FTCA (*id.*, at 9); (iii) all claims based on alleged misconduct by a judge of this Court should be dismissed (*id.*, at 10); (iv) that Plaintiff's common law negligence claim, as against the United States as defendant only, should be sustained under the FTCA (*id.*, at 10-12); (v) Plaintiff's conspiracy claim should be dismissed as New York law does not recognize such a tort (*id.*, at 13); (vi) Plaintiff should not be permitted to amend his complaint through his legal brief to assert a claim that the United States is liable for allegedly violating regulations applicable to county jails (*id.*, at 13-14); (vii) Plaintiff's potential claim that the United States is liable for allegedly violating regulations applicable to county jails should be rejected (*id.*, at 14); (viii) Plaintiff's failure to intervene claim should be dismissed because it is a constitutional tort which is not cognizable under the FTCA (*id.*, at 14-15); and (ix) Plaintiff's claim of lack of access to a prison law library should be dismissed because it is a constitutional tort which is not cognizable under the FTCA (*id.*, at 15). In short, Magistrate Judge Foschio recommended that Plaintiff's Second Amended Complaint be dismissed with prejudice in its entirety except as that Plaintiff be permitted to pursue his common law negligence claim against the United States. *Id.*, at 16.

**Plaintiff's Objections:**

On February 23, 2023, Plaintiff filed objections to the Amended R&R/D&O. (ECF 94). Plaintiff raises three objections. First, Plaintiff objects to the recommendation that his claim (raised for the first time in his brief in opposition to the motion to dismiss the Second Amended Complaint), that the Defendant should be held liable for violating New York State regulations applicable to county jails,

6

should be dismissed. *Id.*, at 1-2. Second, Plaintiff objects to the Amended R&R/D&O's finding that there is no recognizable tort under New York State Law for denial of access to a law library while in custody. *Id.*, at 2-4. Finally, Plaintiff objects to the denial of his motion to stay and motion to amend his Second Amended Complaint. *Id.*, at 4-5. Defendants responded to Plaintiff's objections. (ECF 96).

## **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1)(C), to the extent that parties make timely and specific objections to a Magistrate Judge's Report and Recommendation, the standard of this Court's review is *de novo*. *Id.*; *see* Fed.R.Civ.P. 72(b)(3). The Court may also review a Magistrate Judge's pretrial Order and modify or set aside any part of the order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). *See*, Fed.R.Civ.P. 72(a).

### **Motion to Dismiss**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when

7

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

"Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nevertheless, dismissal of a *pro se* complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. *See Walker v. Schult*, 717 F.3d 119, 124, 130 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and alterations omitted).

## DISCUSSION

### 1. Plaintiff's First Objection:

While the precise nature of Plaintiff's first objection is hard to decipher, it appears that he is objecting to Magistrate Judge Foschio's recommendation rejecting Plaintiff's assertion—raised for the first time in his brief filed in opposition to Defendants' motion to dismiss the Second Amended Complaint (ECF 85, p.2)—that Defendant could be held liable for state torts for violating 9 N.Y.C.R.R. §§ 7010,

7032, and 7034.[2] The Amended R&R/D&O recommended: (i) that Plaintiff failed to assert any such claim in the Second Amended Complaint (ECF 92, p. 13); (ii) that Plaintiff should not be permitted to amend the Second Amended Complaint through a legal brief (ECF 92, pp. 13-14); and (iii) even if Plaintiff had asserted such a claim in the Second Amended Complaint, such a claim would be meritless under the FTCA's private party provisions. (ECF 92, p. 14). This Court agrees fully with Magistrate Judge Foschio's conclusion and reasoning.

This FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a *private individual* under like circumstances." 28 U.S.C. § 2674 (emphasis added). Thus, under the FTCA, the United States may only be held liable "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The Supreme Court in *Indian Towing Co. v. United States*, 350 U.S. 61 (1955) and *United States v. Olson*, 546 U.S. 43, 46–47 (2005) held that the "private party" provisions of the FTCA "require[] a court to look to the state-law liability of private entities, not to that of public entities, when assessing the government's liability under the FTCA [even] in the performance of activities which private persons do not perform." *Olson*, 546 U.S. at 46. When considering whether a private analog exists, the issue is not whether a state or other governmental entity would be liable for the

---

[2] 9 N.Y.C.R.R. §§ 7010 and 7032 are both regulations found under a chapter entitled "Minimum Standards and Regulations for Management of County Jails and Penitentiaries." The Court notes that § 7034 does not exist within 9 N.Y.C.R.R.

conduct alleged, but whether a private individual would be liable under analogous circumstances. *Olson*, 546 U.S. at 45–46. Thus, it matters not whether a municipality or other governmental entity would be liable to a plaintiff under those regulations upon which Plaintiff relies but rather whether there exists a comparable action against a private person. *Id*.

Contrary to Plaintiff's assertions, however, under New York law, the regulations upon which he relies do "not confer a private right of action." *Freeland v. Erie Cnty.*, 122 A.D.3d 1348, 1351, 997 N.Y.S.2d 860, 863 (4th Dep't 2014)(wherein the Appellate Division concluded that the local "court properly granted [defendant's] motion [for]… dismissal of the [] cause of action, for state civil rights violations, against the Sheriff and Undersheriff because the identified regulation, *i.e.*, 9 NYCRR 7010.1, **does not confer a private right of action**" [emphasis supplied]). Consequently, Plaintiff cannot establish—as he must for his claim to survive—that such regulations give rise to a claim that is analogous to a "comparable cause of action against a private individual." *C.P. Chemical v. United States*, 810 F.2d 34, 37 (2d Cir.1987).  As a result, its dismissal was proper.

**2.  Plaintiff's Second Objection:**

Plaintiff next objects to Magistrate Judge Foschio's dismissal of Plaintiff's FTCA claim predicated upon his claim for denial of access to a law library.  *See*, ECF 94, pp. 2-4. In support of his objection, Plaintiff relies upon *Cobaugh v. Goord*, 15 Misc. 3d 1109(A), 836 N.Y.S.2d 497 (Sup. Ct. Albany Cty. 2007), a case which is inapposite.  In *Cobaugh*, the Court dismissed an Article 78 proceeding challenging the sufficiency of her prison law library on the grounds of failure to exhaust

10

administrative remedies, the statute of limitations, and failure to state a claim. Nowhere in the decision did the Court endorse a state law tort theory for denial of access to a prison law library.

Moreover, as Magistrate Judge Foschio correctly recognized, a claim by a prisoner alleging that he was denied access to legal materials during his incarceration is a constitutional tort. *See e.g., Arce v. Walker*, 58 F. Supp. 2d 39, 43 (W.D.N.Y. 1999). In *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994), the Supreme Court held that the United States had not waived its sovereign immunity with respect to constitutional tort claims, i.e., "a claim alleging the deprivation of a constitutional right." *Id*. at 477-78 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). Plaintiff's access-to-courts claim—which alleges Plaintiff was unconstitutionally deprived of certain legal materials—necessarily fails then. Plaintiff's claim is a constitutional tort claim to which the United States has not waived its sovereign immunity. Consequently, this claim was properly dismissed.

### 3. Plaintiff's Third Objection:

Plaintiff's third and final objection to the Amended R&R/D&O pertains to Magistrate Judge Foschio's denial of his motion to stay and further amend his complaint. *See*, ECF 94, pp. 4-5. Magistrate Judge Foschio, in his original R&R and D&O, determined that "Plaintiff has had three opportunities to formulate viable claims. Therefore, any attempt to replead the remaining claims recommended for dismissal would be futile." ECF 92, p. 16.

Although dismissal of a plaintiff's claims for failure to state a claim is generally without prejudice and with leave to replead, a court does not abuse its discretion in denying leave to replead where the papers provide "no clue as to how the complaint's deficiencies would be cured." *Noto v. 22nd Century Group, Inc.*, 35 F.4th 95, 107 (2d Cir. 2022). As explained in detail in Magistrate Judge Foschio's Amended R&R/D&O, the problems with Plaintiff's claims against Defendants, as pleaded in the Amended Complaint, are largely jurisdictional and substantive, and therefore cannot be cured by further pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* plaintiff's claim for failure to state a claim with prejudice and without leave to replead where even liberal reading of complaint failed to suggest plaintiff had merely inadequately or inartfully pleaded and plaintiff, speaking through counsel on appeal, suggested no new material that could be pleaded to sufficiently reframe claim, such that repleading would be futile).

Here, Plaintiff's difficulties in setting forth additional viable causes of actions are the result of the facts here presented combined with the principles defining proper parties and claims in *Bivens* and FTCA actions much more so than the fact that Plaintiff is proceeding *pro se*.  In sum, while the complaint states a colorable FTCA claim sounding in negligence against the United States, it states no viable claims against the individual defendants named in this action, and consequently, all other claims are dismissed.

**CONCLUSION**

The Court has carefully reviewed the Amended R&R/D&O, the record in this case, and the pleadings and materials submitted by the parties, including Plaintiff's objections and the Defendant's response thereto, and it is hereby

**ORDERED**, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth herein as well as in Magistrate Judge Foschio's Amended R&R/D&O (ECF 93) is **ADOPTED IN ITS ENTIRETY** and the Defendants' motion to dismiss (ECF 83) is **GRANTED** in part and **DENIED** in part, and Plaintiff's motion to amend the complaint and to stay of proceedings (ECF 87) is **DISMISSED**; and it is

**ORDERED**, that the case is referred back to Magistrate Judge Foschio for further proceedings.

**IT IS SO ORDERED**.

                                                *s/Richard J. Arcara*
                                                HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT COURT

Dated: Buffalo, NY
       July 12, 2024