UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ROBERT L. SWINTON, JR., | **AMENDED DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| JON SERDULA, U.S.M.S., | 15-CV-47-RJA(F) |
| STEVEN PASCUZZI, U.S.M.S., | |
| JAMES TORRES, U.S.M.S., | |
| UNITED STATES OF AMERICA, | |
| CHRISTOPHER LAMP, U.S.M.S., and | |
| JOHN DOE/JANE DOE, U.S.M.S., | |
| Defendants. | |

_____

APPEARANCES:   ROBERT L. SWINTON, JR., *Pro se*
                           22008-55
                           16 Ferris Street
                           Upper
                           Rochester, New York  14609

                           MICHAEL DiGIACOMO
                           UNITED STATES ATTORNEY
                           Attorney for Defendants
                           MICHAEL S. CERRONE
                           United States Attorney, of Counsel
                           Federal Centre
                           138 Delaware Avenue
                           Buffalo, New York  14202

## JURISDICTION

By order of Hon. Richard J. Arcara, dated August 29, 2022, this case was referred to the undersigned for all pretrial matters.  It is now before the court on Plaintiff's motion for expedited hearing or trial filed January 8, 2025 (Dkt. 104) ("Plaintiff's motion").  Plaintiff commenced this civil rights action on January 16, 2015,

while incarcerated in the Livingston County Jail in Geneseo, New York.[1]  Despite its title, Plaintiff's motion requests subpoenas to depose several witnesses, all from the defense side of the action except for one, Plaintiff's motion at 4, as well as "a hearing to reveal all witnesses vital to the case . . . ." *Id*. at 5.  Defendants have not responded in opposition to Plaintiff's motion.

The Western District of New York's '*Pro Se* Handbook' sets for in detail the procedures by which a *pro se* litigant may request a subpoena in a section entitled "Depositions (Rule 30)."  *Pro Se* Handbook at 34 (2019), *available at* https://www.nywd.uscourts.gov/self-help/manual-pro-se-litigation-guidelines ("*Pro se* Handbook"). *See Akande v. Philips*, 386 F. Supp. 3d 281, 298 (W.D.N.Y. 2019) (denying *pro se* plaintiff's request for subpoenas for depositions as premature where the defendant had yet to appear and no discovery conference had been conducted as required by the *pro se* guidelines, and citing *Abascal v. Fleckenstein*, 2010 WL 3834839, at *4 (W.D.N.Y. Sept. 29, 2010) (denying *pro se* plaintiff's request for subpoenas where the request did not comply with the *pro se* guidelines)).  Relevantly, the *Pro Se* Handbook provides that

> The party seeking to take a deposition should confer with opposing counsel and the deponent to choose a convenient time and place for the deposition. The party asking for the deposition must then prepare a notice of deposition and serve the notice on all parties.

*Pro Se* Handbook at 34.

The *Pro Se* Handbook further directs that "[s]pecific instructions for a notice of deposition is [*sic*] contained in Federal Rule of Civil Procedure 30(b)," *id*. at 34 n. 11, including that

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and place of

---

[1] Plaintiff has since been released and is no longer in custody of the Federal Bureau of Prisons.

2

the deposition and, if known, the deponent's name and address.  If the name is unknown, the notice must provide a general description sufficient to identify the person of the particular class or group to which the person belongs.

Fed.R.Civ.P. 30(b)(1).

Further, although Fed.R.Civ.P. 45 does not require a motion for issuing a subpoena, Plaintiff, given his *pro se* status, must comply with the local practice for *pro se* litigation which requires submitting his written request for subpoenas to the Clerk of the Court. Fed.R.Civ.P. 45(a); *Abascal*, 2010 WL 3834839, at * 4.

Insofar as Plaintiff requests "a hearing to reveal all witnesses vital to the case . . . ," Plaintiff's motion at 5, Plaintiff references no legal basis for such hearing and the court's research reveals none.

Because Plaintiff has not complied with the proper procedures for subpoenas, and there is no legal basis for granting Plaintiff's request for a hearing, Plaintiff's motion is DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Dkt. 104) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     September 30, 2025
           Buffalo, New York


Any appeal of this Decision and Order must be taken by filing written objections with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).